[Civ. No. 1590.  First Appellate District.—June 30, 1916.]

## GEORGENIA E. CLARK, Respondent, v. Q. E. HOTLE, Appellant.

ACTION ON PROMISSORY NOTE—COUNTERCLAIM FOR MONEY ADVANCED—CONFLICTING EVIDENCE—FINDINGS CONCLUSIVE.—In an action on a promissory note, where the defendant set up a counterclaim based on the claim that defendant had paid a certain joint note of himself and plaintiff's assignor, the proceeds of which had been used by the latter for his personal use instead of on a joint enterprise, the finding of the trial court against the counterclaim, based upon conflicting evidence, is conclusive on appeal.

APPEAL from a judgment of the Superior Court of Alameda County.  William H. Waste, Judge.

The facts are stated in the opinion of the court.

Ezra W. Decoto, for Appellant.

Carleton Gray, A. F. St. Sure, and St. Sure, Rose & Callaghan, for Respondent.

THE COURT.—This is an appeal from the judgment in favor of plaintiff and against defendant in an action on a promissory note.

The defendant does not deny that he executed and delivered the note to plaintiff's assignor, one S. J. Norris, as alleged in the complaint, but he sets forth in his answer a counterclaim for a certain amount.  The court found against this defense; and the sole question presented by the record is as to whether or not the evidence supports that finding.

After the making of the note and before its maturity Norris, the payee thereof, and the defendant borrowed from the First National Bank of Oroville one thousand dollars, giving the bank their joint note for that sum, the proceeds by agreement being placed to the personal account of Norris.  At the time of this transaction defendant and Norris had entered into a tentative agreement concerning some development work of the Feather River Canal Company's property, under the terms of which Hotle was to make certain monthly advances.  This agreement was subsequently reduced to writing and signed by

the parties. According to the testimony of Hotle the money borrowed from the bank was for the personal account of Norris, and when the note became due Norris refused to pay it; that Hotle thereupon took it up, and that Norris refused to allow him credit therefor upon the amount to be advanced under their Feather River Canal Company contract.

Norris, on the other hand, testified that the one thousand dollars borrowed from the bank and placed to his personal account was used and paid out, as intended by both parties, for the account of the Feather River Canal Company, and that the defendant was given credit therefor.

The surrounding circumstances tend strongly to support the testimony of Norris; but in any event there is a substantial conflict in the evidence, in view of which the settled law is that the finding of the trial court must stand.

Judgment affirmed.